

CTJ/RMT
WTO
ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 MAY 14 PM 1:55

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK DISANTI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-287-A |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | |

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
## 12(B)(6) MOTION TO DISMISS

COMES NOW, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Supporting Brief:

### I. FACTUAL BACKGROUND

This case is but one of many in Plaintiff's scheme to purchase distressed homes for pennies on the dollar at homeowners' association lien foreclosure sales, and then attempt to eradicate the senior purchase money mortgage lien which encumbers the property. To date, Plaintiff has filed over forty cases like this one against various mortgage lenders in Collin, Dallas, Denton, Rockwall, and Tarrant counties.

In this particular case, Plaintiff obtained inferior title to real property located at 7327 Tree Ridge Court, Fort Worth, Texas 76133 (the "Property") previously owned by Mirna L. Cavazos ("Cavazos") by purchasing it at a junior lien foreclosure sale on or about February 2, 2010. (Doc. 3 at ¶ VIII.) Cavazos previously purchased the Property on February 26, 2002 through a purchase money loan for $121,200.00 and, in return, executed a Deed of Trust in favor of MERS granting the Property as security for the loan. (Id. at ¶ VIII.) The Deed of Trust was filed and

recorded on February 3, 2005, as Document No. D205033904 in the Official Records of Tarrant County, Texas. (Id.)

Plaintiff's pleadings confirm that he purchased the Property at the foreclosure sale of an inferior lien. (Id. at ¶ XVI). Even so, Plaintiff sued MERS for attempting to foreclose on its superior mortgage lien on the Property, seeking a declaratory judgment that MERS' lien be discharged, extinguished and/or declared of no force and effect. (Id. at ¶ XVII). However, Plaintiff's Petition fails to state any factual allegations supporting his claims and relies on an exceedingly vague request to "have determined certain questions of construction or validity arising under the hereinabove described instruments..." (Id. at ¶ XIV.) Plaintiff merely offers conclusory, general, catch-all allegations such as the "lien created by the Deed of Trust in favor of MERS remains of record and creates a cloud upon the title to the Property." (Id. at ¶ XV.)

Plaintiff did not, and cannot, state any facts under which his requested relief can be granted. His own pleadings confirm (i) that the previous Property owner (Cavazos) pledged the Property to MERS as security for a loan, and (ii) the Deed of Trust was timely recorded and remains of record. Noticeably absent are any claims that MERS is not a beneficiary of the Deed of Trust, the loan has been paid, the statue of limitations has run on enforcing the Deed of Trust, or MERS has engaged in any fraud or malfeasance in perfecting its security interest in the Property. Accordingly, there are no facts supporting Plaintiff's request to have the lien discharged or extinguished, MERS' motion to dismiss should be granted, and Plaintiff's claims should be dismissed without leave to amend.

## II. ARGUMENTS AND AUTHORITIES

### A. Legal Standard.

Dismissal of a complaint is proper under Federal Rule of Civil Procedure 12(b)(6) if it appears beyond doubt that a plaintiff cannot prove any set of facts in support of his claim that

would entitle him to relief. *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). While well-plead factual allegations are taken as true for purposes of a 12(b)(6) motion to dismiss, courts must disregard any "catch-all" or "blanket" allegations that do not satisfy the particularity requirements of the Federal Rules. *Southland Sec. Corp., v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 370 (5th Cir. 2004).

Conclusory allegations of fact or statements of law are insufficient to survive a motion to dismiss because they are not considered well plead, and thus cannot be accepted as true. *ABC Arbitrage Plaintiffs Group v. Serje Tohuruck,* 291 F.3d 336, 348 (5th Cir. 2002). A plaintiff's allegations must show a "plausible" and not merely a "possible" entitlement to relief. *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007)(explaining threshold pleading requirement "that the plain statement possess enough heft to show that the pleader is entitled to relief")(internal quotation marks omitted); *see also Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir. 2007)(a district court deciding a motion to dismiss must not assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged")(quoting *Assoc. Gen. Contractors of Cal. V. Cal. State Council,* 459 U.S. 519 (1983)).

The United States Supreme Court recently clarified the standards for pleading an actionable claim. *See Twombly,* 127 S. Ct. at 1974. In *Twombly,* the Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-1965 (citations omitted).

B. **Plaintiff's request for declaratory judgment must be dismissed because he has not alleged facts upon which relief may be granted.**

Plaintiff's Petition confirms that the first lien on the Property, created in favor of MERS, was recorded prior to Plaintiff's title and remains of record. (Doc. 3 at ¶ VIII, ¶ XI, and ¶ XV.) Pursuant to the provisions for recording liens and conveyances set out in the Texas Property Code, these undisputed facts show that MERS' interest in the Property is superior to that of Plaintiff. *See* TEX. PROP. CODE ANN. §§ 13.001 & 13.002. Plaintiff further confirms that he purchased the Property at a foreclosure sale of an inferior lien on the Property and that he has the obligation to service any superior lien. (Doc. 3 at ¶ XVI.) These claims, without more, do not create a plausible right to have MERS' lien discharged or extinguished.

Texas law makes it very clear that foreclosure does not terminate the interests in the foreclosed real estate that are senior to the lien being foreclosed. *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 813 (Tex. App. – Dallas 1999, writ denied). In fact, the general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens. *Id.* The purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore satisfy the prior liens to prevent loss of the property by foreclosure of the prior liens. *Id.* The law presumes that the purchaser is aware of the senior lien and only pays for the property's worth in excess of the prior debt. *ATU v. Slaughter*, 2007 WL 2682198, *3 (Tex. App. – Houston (14th Dist.) 2007, no pet.); *Frappier v. Apex Financial Corp.*, 2001 WL 25914, *2 (Tex. App. – Dallas 2001, no pet.).

Plaintiff cannot disregard clear Texas law and take the Property free of senior liens simply by making the conclusory (and legally dubious) allegation that "MERS' claim of interest in the Property creates a cloud upon the title to the Property." Whether an interest clouds title to real property is a legal conclusion, which cannot survive in the absence of averments of fact. *See*

*Collins v. Citizens' State Bank of Houston*, 241 S.W. 633, 635 (Tex. Civ. App.—Galveston 1922). Similarly, an allegation that a lien is invalid is a question of law. *See Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 213, 321-22 (Tex. App.—Houston [14th Dist.] 1994, reh'g overruled). Such conclusory allegations and statements of law are insufficient to survive a motion to dismiss because they are not considered well plead, and thus cannot be accepted as true. *ABC Arbitrage*, 291 F.3d at 348. A plaintiff's allegations must show a "plausible" and not merely a "possible" entitlement to relief. *See Twombly*, 127 S.Ct. at 138; *see also Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007).

In this case it is undisputed that MERS is the senior lienholder. The homeowners' association junior lien foreclosure did not terminate MERS' interest in the Property. Further, Plaintiff admits that notice of MERS' interest in the Property was of record in Tarrant County. As the purchaser, Plaintiff is charged with the primary liability for payment of the first mortgage and senior liens in order to prevent a foreclosure sale and maintain title to the Property. *See Conversion Properties*, 994 S.W.2d at 813. Texas law presumes that Plaintiff was aware of the senior lien and took it into consideration in bidding on the Property at the homeowners' lien foreclosure sale. *See Slaughter*, 2007 WL at *3.

Plaintiff has made no statements alleging why MERS' is not entitled to enforce its interest under the Deed of Trust, MERS' lien has been released, or MERS' lien does not attach to the Property after purchase by Plaintiff. What he has done is file a vague and ambiguous complaint with no factual support for his conclusory and legally unfounded claim that MERS' Deed of Trust somehow clouds the title to the Property. For these reasons, Plaintiff's claim for declaratory judgment should be dismissed.

C.   **Plaintiff's request for relief does not give rise to a declaratory judgment action.**

Plaintiff's claim for declaratory relief is further improper because "a suit for declaratory judgment is preventative in nature and is intended to determine the rights of the parties before any wrong has actually been committed." *CitiCorp Administrative Sevs., Inc. v. Mail Sort, Inc.*, 2004 WL 962832, *3 (N.D. Tex. 2004)(*citing City of Montemayor v. City of San Antonio Fire Dep't*, 985 S.W.2d 549, 551 (Tex. App. – San Antonio 1998, pet. denied). The Declaratory Judgments Act does not give litigants an open-ended invitation to seek abstract interpretation of their contracts. *Paulsen v. Tex. Equal Access to Justice Found.*, 23 S.W.3d 42, 47 (Tex. App. – Austin 1999, pet. denied).

In his request for declaratory judgment, Plaintiff alleges that MERS has already clouded his title to the Property. A declaratory judgment is inappropriate where there is no need for relief from future uncertainty and insecurity, or where a plaintiff alleges a prior wrong. *CitiCorp*, 2004 WL 962832 at *3 (no need for declaratory relief where plaintiff alleges past wrongdoing). A contrary conclusion would effectively vest every mortgagor in Texas with a justiciable action under the Declaratory Judgments Act to haul mortgagees into court to obtain clear title to property, without satisfying the underlying debt, on the off chance that the mortgagee lacks possession of the original note or will inadvertently fail to appear. Consequently, Plaintiff's declaratory action should be dismissed.

Plaintiff's Petition further fails to properly invoke the trial court's jurisdiction by pleading a claim under the Declaratory Judgments Act because it does not establish a ripe controversy between the parties. "A declaratory judgment action does not vest a court with the power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an *actual controversy*, although such questions may in the future require adjudication." *Harris County Mun. Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d

133, 139–40 (Tex. App.—Houston [1st Dist.] 2008, no pet.)(emphasis added). Instead, there must be some showing in the plaintiff's petition that "manifests the present 'ripening seeds' of a controversy." *Id.* at 140. Hypothetical or contingent situations do not manifest the "ripening seeds of a controversy." *Id.*

Like the plaintiff in *United Somerset*, Plaintiff here based his action on hypothetical and undefined issues with MERS' interest in the Property and utterly failed to disclose a threat of an unavoidable controversy. *See id.* In fact, Plaintiff asserts that "[a]s the purchaser of the Property at a foreclosure sale of an inferior lien on the Property, Plaintiff has the obligation or right to service any existing superior lien." Not only does Plaintiff's statement fail to show any controversy between the parties, it accurately reflects MERS' position in this case, which is — if Plaintiff wants to keep the Property he purchased from a homeowners' association lien foreclosure sale (subject to prior liens), he must satisfy the prior owner's debt that encumbers the Property. As a result, Plaintiff's claim fails to manifest the "ripening seeds of a controversy" between Plaintiff and MERS. To the contrary, Plaintiff's Petition affirmatively demonstrates the agreement between the parties.

**D.   Plaintiff's Petition identifies no valid cause of action.**

Finally, in a misguided attempt to support his alleged entitlement to have MERS' lien discharged, Plaintiff cites the *Conversion Properties* case for the proposition that Plaintiff "is entitled to verify that such [superior] lien still affects the property." *See* Plaintiff's Petition at § XVI (citing *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810 (Tex. App. – Dallas 1999, rev. denied)). However, the court in the *Conversion Properties* case did not acknowledge, grant, or even discuss whether a junior lienholder has a right to have a senior lien validated, much less whether that right extends to having the senior lien discharged and/or extinguished, as Plaintiff has requested. *See id.* In reality, *Conversion Properties* establishes no cause of action for a

purchaser of real estate at a junior lien foreclosure sale. Quite the opposite, the decision contemplates that such a purchaser will determine the extent to which a superior mortgage lien encumbers a property *prior* to his purchase, stating, "a prospective purchaser usually will subtract the amount of any outstanding senior liens from the fair market value of the property in calculating its foreclosure bid." *Id.* at 813. Consequently, Plaintiff cannot rely on *Conversion Properties* to support his claims, and he has not stated a cause of action for which the relief he has sought can be granted.

Moreover, the Plaintiff here seeks to have title to the Property cleared by judicial declaration. However, to have a court decide issues of title to real property under Texas law, a Plaintiff must assert and prove a cause of action for trespass to try title. *See Martin v. Amerman*, 133 S.W.3d 262, 264-65 (Tex. 2004) (construing TEX. CIV. PRAC. REM. CODE ANN. § 22.001). The Texas Property Code provides that "[a] trespass to try title action is <u>the</u> method of determining title to lands, tenements, or other real property. TEX. PROP. CODE ANN. § 22.001 (emphasis added). "Therefore, a declaratory judgment action cannot be used to adjudicate title and a trespass to try title action because section 22.01 is the exclusive remedy by which to do so." *Jordan v. Bustamante* 158 S.W.3d 29, 35 (Tex. App. – Houston [14th Dist.] 2005, pet. denied)(citation omitted). As a result, Plaintiff's claims in this action must be dismissed.

Even if Plaintiff had raised a quiet title or trespass-to-try-title claim in substance (though not one in form), the Petition would still fail to properly plead a cause of action because Plaintiff based his claim on perceived weaknesses in MERS' title and not on the strength of his own title. *See Frichs v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by possession coupled with proof that possession was not

abandoned." *Martin*, 133 S.W.3d 262, 265 (Tex. 2004). As Plaintiff has not alleged any of these elements, he has not stated a claim upon which relief may be granted.

### III. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted and the allegations in Plaintiff's Petition utterly fail to meet the pleading requirements under the Federal Rules, MERS requests that the Petition be dismissed without leave to amend, and that MERS be awarded its costs of court and any other or further relief to which it may be legally or equitably entitled.

Respectfully submitted,

By: *[signature]*
**Cole B. Ramey**
State Bar No. 16494980
cramey@crouchfirm.com
**Kirk T. Florence**
State Bar No. 07160900
kflorence@crouchfirm.com
**Karly Stoehr Rodine**
State Bar No. 24046920
krodine@crouchfirm.com

**CROUCH & RAMEY, L.L.P.**
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101

**COUNSEL FOR DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by facsimile on this 14th day of May, 2010.

Mr. Kenneth S. Harter
Law Offices of Kenneth S. Harter
1620 E. Beltline Road
Carrollton, TX 75006

M. Drew Siegel
1620 East Belt Line Road
Suite 201-202
Carrollton, Texas 75006

_____
Karly Stoehr Rodine