ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 JUN -1 PM 12: 25

CLERK OF COURT

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK DISANTI, <br> Plaintiff | § § § | |
| vs. | § | Case No. 4:10-CV-287-A |
| MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC. <br> Defendant | § § § § | |

## OPPOSITION TO

## DEFENDANT'S MOTION TO DISMISS

I

BACKGROUND[1]

Plaintiff Mark Disanti filed suit in the 141ST District Court of Tarrant County, Texas, on March 30, 2010, against Defendant Mortgage Electronic Registration Systems, Inc. (MERS), whose rights are purportedly secured under a certain Deed of Trust. Plaintiff sues under the Uniform Declaratory Judgments Act, Chapter 37, Civil Practices and Remedies Code. Plaintiff alleges that he purchased a certain piece of realty that was foreclosed upon by a home owners association, and that Defendant purports to hold a senior lien encumbering the property. That asserted lien, therefore, constitutes a "cloud on the title"[2], so that the requested declaration as to Plaintiff's rights and those of purported senior lienholder is necessary.

---

[1] Plaintiff notes that the first paragraph of defendant's motion is rife with gratuitous and irrelevant statements, none of which are in the record before the Court. Plaintiff objects to same, but refrains from answering them because they present matters not before the Court in this Motion.

[2] A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Angell v. Bailey*, 225 S.W. 3d 834, 838(Tex.App-El Paso 2007 No Pet)

On April 26, 2010, Defendant MERS filed its Notice of Removal, putting the case before this Court. On May 14, 2010, MERS filed it Motion to Dismiss, under F.R.C.P. Rule 12(b)(6), contending that the Original Petition, filed by plaintiff in the 141st District Court, failed to state a claim upon which relief may be granted.

II

STATUTORY BASIS FOR THE RELIEF SOUGHT BY PLAINTIFF

The Uniform Declaratory Judgments Act, codified in Chapter 37, Texas Civil Practices and Remedies Code, provides the basis for the relief sought by plaintiff. §37.02 (b) provides that:

> "(b) "This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."

§37.03 further provides that:

> "(a) A court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. An action or proceeding is not open to objection on the ground that a declaratory judgment or decree is prayed for.
>
> (b) The declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

§37.04 provides the specific statutory basis for the relief sought. It provides:

> "(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Thus, the statutory scheme expressly provides that a person claiming an interest in real property under a deed may seek a judicial determination of his rights with respect to such property and his

relation to others who may claim an interest therein. The case law in Texas is replete with cases where the courts have made such determinations. Such judicial declarations have been sought and granted before the institution of other litigation; and, additionally, many of these cases include situations where the competing interests of lien holders and purported lien holders were reviewed and determined.

III

FACTUAL BASIS OF PLAINTIFF'S CLAIM

Plaintiff alleges that he acquired a certain parcel of real estate, and that Defendant alleges a superior lien in that property. Plaintiff alleges that he has a right to service a superior lien[3]; and further, that the lien asserted by Defendant may be invalid.[4] It is important to note that deeds of trust, and the notes secured by them, are frequently bought and sold. Because a party seeking to enforce a note through foreclosure or otherwise, must also actually hold or own it, there is a significant possibility that the alleged beneficiary of the deed of trust may not have any rights thereunder.[5]

The rules of pleading do not require lengthy recitations of facts. F.R.C.P. Rule 8 (a) states:[6]

"a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

---

[3] See *Conversion Properties LLC vs. Kessler*, 994 S.W. 2d 810 (Tex.App.-Dallas, 1999, review denied)

[4] Defendant cites no authority for the proposition that the existence of a lien renders it presumptively valid.

[5] See *Jernigan v. Bank One, Texas*, N.A. 803 S.W.2d 774 (Tex.App-Houston {14$^{th}$} 1991), *Shepard v. Boone,* 99 S.W. 3d 263 (Tex.App.-Eastland 2003), *Leavings v. Mills,* 175 S.W. 3d 301 )(Tex.App.-Houston {1$^{st}$ Dist} 2004)

[6] T.R.Civ.Pro Rule 47, under which the Original Petition was plead, contains similar language.

>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Defendant takes the position that because there exists of record a deed of trust, Plaintiff's case must fail. Not only does Defendant fail to cite authority for such a proposition, the case law holds otherwise.

## IV

## TEXAS CASE LAW HOLDS THAT THE COURTS MAY DECLARE THE RIGHTS AND LIABILITIES OF COMPETING LIEN HOLDERS

### A. THIS CONTROVERSY IS PROPERLY BEFORE THIS COURT

Defendant MERS argues that declaratory relief is not appropriate because "there is no need for relief from future uncertainty and insecurity, or where a plaintiff alleges a prior wrong".[7] Defendant's position is contrary to well established authority in Texas.

**Securtec, Inc. vs. County of Gregg**, 106 S.W. 3d 803 (Tex.App-Texarkana, 2003) involved the validity of a public bidding process. The unsuccessful bidder brought suit, seeking damages and declaratory relief. The court held that declaratory relief was available, notwithstanding that the project at issue had been completed by the plaintiff's competitor. The Court said:

> "Declaratory judgment does not supplant any existing remedy; the existence of another adequate remedy does not bar the right to maintain an action for declaratory judgment. (Cite

---

[7] Defendant's Motion, page 6

omitted). A justiciable controversy is not lacking merely because of failure to pray specifically for other than declaratory relief, and it is not necessary that traditional types of relief be prayed for (cite omitted). However, declaratory relief ordinarily will not be granted where the cause of action has fully matured and the action involves an appropriate present remedy at law (Cite Omitted).

A prerequisite to the declaratory judgment process is that there shall be a real controversy between the parties determined by the judicial declarations sought (Cite Omitted) . To constitute a justiciable controversy for declaratory judgment purposes, there must be a real and substantial controversy involving a genuine conflict of tangible interest, rather than a theoretical one (Cite Omitted). . If a declaratory judgment will terminate the uncertainty or controversy giving rise to the lawsuit, the trial court is duty bound to declare the rights of the parties as to those matters on which the parties join issue (Cite Omitted) However, a mere difference of opinion, not involving assertion of adverse interests, is not sufficient to support an action for declaratory judgment (Cite Omitted)."

This case is properly before the court and is ripe for adjudication. There is a real and live controversy between the parties. The law does not require plaintiff to wait for an impending foreclosure to seek a judicial determination of his rights. Because the conflict between the parties real is and concrete, not theoretical, defendant's position wholly without merit.

Defendant's reliance on *Citicorp Administrative Services, Inc. vs. Mail Sort, Inc.,* 2004 WL 962832 (N.D.Tx, 2004) is misplaced, and in fact supports Plaintiff's position. That case involved claims for breach of contract, torts, arbitration, **and** a claim for declaratory relief[8]. This Court found that there was no need for declaratory relief, because there was no longer any uncertainty between the parties. This Court, in its **discretion**, declined to entertain the request for declaratory relief. And, while it did dismiss the claim for that reason, it did so without prejudice. Thus, this court did not find that a claim for declaratory relief was not sufficiently plead, but only that that it was probably unnecessary since other remedies were available to address the rights and liabilities of the parties.

---

[8] While nominally this was a motion brought under Rule 12(b)(6), both parties submitted additional materials beyond that contained in the 4 corners of the pleadings, and the court considered these in making its ruling.

Moreover, by dismissing that claim without prejudice, this court reserved to itself the ability, upon appropriate motion, to reinstate that claim.

"***Conte vs. Greater Houston Bank,*** 641 S.W. 2d 411 (Tex.App.-14[th] Dist, 1982) was a case where declaratory relief was sought on the question of the enforceability of a lien on real estate. The court first dealt with the question of justiciability. The Court said:

> "No actual controversy exists where a dispute is theoretical and a mere advisory opinion would result. In the instant case, however, the declaratory judgment sought would determine the rights of the parties between themselves as to the propriety of a demand to mature the debt, the resulting obligation to make payment and the propriety of a foreclosure in the event of non-payment. Although appellant had not refused a demand made by appellee, at least after the assertion of the affirmative defenses and cross-actions related to the note on which both parties sought interpretation by declaratory judgment, the trial court was presented with a present justiciable controversy as to whether the obligation could be legally matured by the bank". 641 S.W.2d at 413, 414

In the case at bench, there is uncertainty between the parties. MERS claims a superior lien. However, Plaintiff claims that the lien asserted by MERS may be void; and further, that even if the MERS lien is valid, a declaration that he has a right to service that lien should be rendered.

B.  A SUIT FOR DECLARATORY RELIEF IS THE APPROPRIATE VEHICLE FOR DETERMINATION OF THE VALIDITY OF COMPETING LIENS AND INTERESTS IN PROPERTY.

***Max Duncan Family Investments, LTD vs. NTFN Inc,*** 267 S.W. 3d 447 (Tex-App, Dallas, 2008) involved the validity of a vendor's lien. A summary judgment granting the declaratory relief voiding the liens, was affirmed. The Court said:

Here, NTFN and Morningside brought a declaratory judgment action to invalidate the Note and the lien securing the Note. The Uniform Declaratory Judgment Act ("UDJA") permits a party to bring a declaratory judgment action to invalidate a real estate note, as well as any lien securing the note. *See* TEX. CIV. PRAC. & REM CODE ANN. § 37.004(a)

***Frio Investments, Inc vs. 4M-IRC/Rohde***, 705 S.W.2d 784 (Tex.App. – 4th Dist, 1986), likewise involved the validity of a vendor's lien. The Court affirmed the judgment voiding the lien and awarding attorney fees, saying:

> "Frio's final point urges that the trial court erred in awarding attorney's fees to 4M. It argues that the award was erroneous because it was based on the trial court's erroneous decision that no default existed. We have already held that the trial court was correct in its determination regarding the alleged default. Attorney's fees are properly recoverable under the Texas Uniform Declaratory Judgments Act". 705 S.W. 2d at 787, 788.

Courts of Appeal have applied the same standards and analyses recently. ***Kothman vs. Genesis Tax Loan Services, Inc.***, 288 S.W. 3d 503 (Tex.App-Amarillo, 2009) was a suit brought by the trustee of deeds of trust. He sought a declaration of his rights as to competing liens. On appeal the Court reversed and rendered in part, granting a declaratory judgment in favor of the trustee. ***Shankles vs. Shankles***, 195 S.W. 3d 884, (Tex.App-Dallas, 2006) was an appeal from a declaratory judgment where a note and deed of trust were held unenforceable. The court affirmed both the declaratory relief, and the award of attorney fees.

The position taken by MERS, that declaratory relief is unavailable when one party claiming an interest in real estate seeks a decree setting forth his rights with respect to others claiming an interest, is erroneous and unsupported by authority. Court routinely and appropriately entertain such suits. Accordingly, this case is properly before the Court.

C. PLAINTIFF'S ORIGINAL PETITION IS WELL PLEAD AND SURVIVES A MOTION BROUGHT UNDER RULE 12(b)(6)

***Phillips Petroleum Co. vs. International Broth. Of Boilermakers,*** 251 F.Supp 2d 1354 (S.D. Tex., 2003) was a ruling on a 12(b) (6) motion. The suit was for declaratory relief. The Court stated the rule thus:

> "In considering a motion to dismiss under Rule 12(b) (6), the district court must construe the complaint liberally in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *See, e.g., Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). The court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In the case at bench, the question is whether Plaintiff can prove a "set of facts in support of his claim which would entitle him to relief". An examination of the Original Petition filed in the Tarrant County District Court shows sufficient pleadings.

Plaintiff alleges that he took title to the property by deed (¶ XI), that MERS asserts an interest that clouds the title (¶ 15), that Plaintiff asserts a right to service the lien (¶ XVI), and finally, that in the event that MERS is unable to demonstrate its right to foreclose on the purported deed of trust, the deed of trust should be held void (¶ XVII).

The Uniform Declaratory Judgments Act specifically provides that a person claiming an interest in property under a deed may seek a judicial declaration of his rights. Plaintiff submits that he can prove at least one of two sets of facts: either the lien claimed by MERS is invalid or unenforceable, in which case a declaration holding the lien void would be appropriate; or, that if the lien is found valid, that he has the right to service the loan and continue to hold the property subject to it.

Much of the authority cited above contains similar scenarios where allegations similar to those in this case provided the foundation for the suit and relief. If the facts alleged in plaintiff's Original Petition are proven, he would be entitled to relief. Therefore, defendant's motion should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court deny defendant's Motion to Dismiss.

Respectfully submitted,

Law Offices of Kenneth S. Harter

_____
Kenneth S. Harter
State Bar ID 09155300
1620 E. Beltline Rd.
Carrollton, Tx. 75006
(972) 242-8887
FAX (972) 446-7976

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 1ST day of June, 2010.

_____
Kenneth S. Harter