IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARK DISANTI § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CASE NO. 4:10-CV-287-A |
| § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC. § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant, Mortgage Electronic Registration Systems, Inc. ("Defendant" or "MERS"), and files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. In support, Defendant shows the Court as follows:

**I.
OVERVIEW**

The only way Plaintiff can extinguish Defendant MERS' purchase money mortgage lien through a lawsuit, as it seeks to do in this case, is to plead and prove a trespass-to-try-title (quiet title) action. Plaintiff, however, did not assert that claim; nor does he allege any specific facts to warrant the extinguishment or release of MERS' senior mortgage lien. Instead, Plaintiff filed an unsupported declaratory judgment action, hoping for the Court to discharge the mortgage debt without having to pay it.

The "facts" Plaintiff offers in support of his pleadings are, in reality, self-serving legal conclusions and bare speculation. For example, Plaintiff alleges that (1) "the lien asserted by Defendant may be invalid," and (2) because mortgage notes are frequently sold, there is a significant possibility that an alleged beneficiary of a deed of trust may not have rights

thereunder. (Pl.'s Resp. [Doc. 10] p. 3, § 3) Plaintiff himself highlighted the shortcomings of his pleadings by concluding, "Plaintiff submits that he can prove at least one of two sets of facts: either the lien claimed by MERS is invalid or unenforceable, in which case a declaration holding the lien void would be appropriate; or, that if the lien is found valid, that he has the right to service the loan and continue to hold the property subject to it." (Pl.'s Resp. [Doc. 10] p. 8.) Such either/or hypotheticals reveal that Plaintiff's claims are not based upon knowledge, information, or belief, formed after a reasonable inquiry (as required by FED. R. CIV. P. 11(b) and TEX. CIV. PRAC. & REM. CODE § 10.001), but merely constitute surmise and wishful thinking.

The Court should not allow Plaintiff to pursue a declaratory judgment to obtain the same relief he could not obtain in a properly pleaded cause of action to determine title to real property. To do so would invite every mortgagor to haul his mortgagee into court under the Declaratory Judgments Act — without plausible reason — on the off chance that he can eradicate the lien on his property by default judgment or the happenstance of a lost note. Such a ruling would not only violate Federal Rule 12(b)(6) and cause a considerable waste of judicial resources, it would cripple the mortgage industry. As a result, the Court should dismiss Plaintiff's claims.

## II.
## APPLICABLE LAW DEMANDS DISMISSAL OF PLAINTIFF'S CLAIMS

Because Plaintiff has not (1) established a cognizable legal theory or (2) alleged sufficient facts to have MERS' lien on the Property discharged or judicially released (or enforcement of that lien prohibited by injunction), Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See Vines v. City of Dallas, Texas*, 851 F.Supp. 254, 259 (N.D. Tex. 1994), *aff'd*, 52 F.3d 1067 (5th Cir. 1995). Plaintiff's Petition does not meet the federal requirements for establishing a cause of action because (A) the Declaratory Judgments Act is not available to clear title to real property, and (B) no assertions, other than speculation

and conclusions, have been provided by Plaintiff to support any of his claims for injunctive or declaratory relief. As a result, dismissal of Plaintiff's Petition in its entirety is warranted.

### A. Plaintiff's Petition Identifies No Cognizable Cause of Action

Plaintiff asks this Court to extinguish and judicially release MERS' lien on the Property, or remove the cloud on Plaintiff's title, under the Texas Declaratory Judgments Act ("TDJA"). However, Plaintiff's request is legally flawed because such requests are not the proper subject of declaratory relief. *See Jordan v. Bustamante*, 158 S.W.3d 29, 35 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)(holding that actions to adjudicate issues of title cannot be brought under the Declaratory Judgments Act). The Act, therefore, is not available to change the pre-existing rights of the parties.

Even so, Plaintiff stubbornly continues to rely on TEX. CIV. PRAC. & REM. CODE § 37.004 in his Response, citing the provision which allows the construction and validity of a deed to be decided by declaration. However, Plaintiff has not asserted such claims, but asks the Court to discharge and extinguish an alleged cloud on his title. (Pl.'s Pet. [Doc1-3] § XVII and p. 5). The Texas Legislature made it very clear that "[a] trespass to try title action is *the* method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001 (emphasis added); *see also Martin v. Amerman*, 133 S.W.3d 262, 264–67 (Tex. 2004)(construing TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) and TEX. PROP. CODE ANN. § 22.001). "Therefore, a declaratory judgment action cannot be used to adjudicate title and a trespass to try title action because *section 22.001 is the exclusive remedy* by which to do so." *Jordan*, 158

S.W.3d at 35 (emphasis added). Thus, Plaintiff's claims under Section 37.004 are appropriate for dismissal.[1]

The cases cited in Plaintiff's Response do not establish a cause of action to remove a cloud on title to real property under the TDJA. In fact, four of the six cases Plaintiff cites to support the propriety of his claim to quiet title by declaration do not even contemplate whether the TDJA is an appropriate vehicle to clear title to real property, but analyze unrelated issues such as acceleration of debt and priority of liens. *See Securitec, Inc. v. County of Gregg*, 106 S.W.3d 803 (Tex. App.—Texarkana 2003, pet. denied)(considering a contract for jail renovations); *see also Conte v. Greater Houston Bank*, 641 S.W.2d 411 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)(analyzing the propriety of a bank's demand to mature the debt); *Kothman v. Genesis Tax Loan Servs., Inc.*, 288 S.W.3d 503 (Amarillo 2009), *pet. for rev. filed December 14, 2009,* (declaration of trustee's rights as to competing liens); *Frio Investments, Inc. v. 4M-IRC/Rohde*, 705 S.W.2d 784 (Tex. App. — San Antonio 1986, writ ref. n.r.e.)(declaration of whether removal of improvements constituted breach of the deed of trust). Plaintiff made no request to have any contract interpreted; he admits that if MERS' interest in the Property exists, it is superior to Plaintiff's. Consequently, Plaintiff provides no authority to establish his claim that he need not plead anything other than a vague right to a declaration of contractual rights as a predicate for extinguishing MERS' senior lien.

---

[1] Even if Plaintiff raised a quiet title or trespass-to-try-title claim in substance (though not in form), Plaintiff's Petition would still fail to properly plead a cause of action because Plaintiff based his claim on perceived weaknesses in MERS' title and not the strength of his own title. *See Frichs v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). To prevail in a trespass-to-try-title action, a plaintiff must (1) prove a chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove possession coupled with proof that possession was not abandoned." *See Martin*, 133 S.W.3d at 265. Because Plaintiff has not alleged any of these elements, he has not stated a claim upon which relief may be granted.

In the remaining declaratory judgment cases cited by Plaintiff, the courts were deciding more than just title and possession of real property, specifically relying on the Plaintiff's request to invalidate a real estate note. *See Max Duncan Family Investments, Ltd. v. NTFN, Inc.*, 267 S.W.3d 447 (Tex. App.—Dallas 2008, pet. denied); *see also Shankles v. Shankles*, 195 S.W.3d 884 (Tex. App.—Dallas 2006, no pet.). Here, Plaintiff has not requested that the court invalidate the note executed by the prior owner for the purchase of the Property; nor would Plaintiff have standing to do so, as he was not a party to the contract. Plaintiff is simply asking this court to quiet title to his property, which can only be accomplished as an action in trespass to try title.

### B.     Plaintiff failed to plead facts sufficient to support its causes of action.

Plaintiff fails to negate Defendant's argument that Plaintiff has not shown any facts supporting his request for declaratory or injunctive relief. Instead, Plaintiff merely recites the same "catch-all" or "blanket" allegations that do not satisfy the particularity requirements of the Federal Rules as explained in Defendant's 12(b)(6) Motion to Dismiss. *Southland Sec. Corp., v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 370 (5th Cir. 2004)(unsupported general claims are insufficient to survive a motion to dismiss). While a court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's allegations must show a "plausible" and not merely a "possible" entitlement to relief. *See Twombly,* 127 S.Ct. at 138.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F.App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

While Plaintiff's Petition is vague at best, Plaintiff's Response sets forth the facts it alleges in support of its request to have MERS' lien discharged and extinguished.[2] Plaintiff's allegations include: (1) Defendant claims a superior lien in the Property; (2) Defendant's claim clouds Plaintiff's title to the Property; (3) Plaintiff alleges a right to service a senior lien, (4) the lien asserted by MERS may be invalid. (Pl's Resp. [Doc. 10] p. 1 and 3; Pl's Pet. [Doc. 1-3] p. 3). However, in his Original Petition, Plaintiff never even hints, much less asserts, any actual facts indicating that MERS' lien on the Property is invalid – because he has no such facts. (Pl's

---

[2] To avoid the dismissal of his action for failure to provide any facts indicating that MERS' lien should be removed, Plaintiff asserted a new claim in Plaintiff's Response, that if the court finds MERS' lien valid and superior to Plaintiff's interest in the Property, Plaintiff be granted the right to service the loan and continue to hold the Property subject to it. Such a claim fails to establish a justiciable controversy between the parties, over which the Court should assume jurisdiction, because Defendant concurs. There must be some showing in the plaintiff's petition that "manifests the present 'ripening seeds' of a controversy." *Harris County Mun. Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d 133, 140 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Consequently, there is no need or right to litigate Plaintiff's unremarkable contention that he must make payments pursuant to the note, if he wants to keep the Property.

Pet. [Doc. 1-3]). In an effort to avoid this fatal shortcoming, Plaintiff claims in his Response, "[i]t is important to note that deeds of trust, and the notes secured by them, are frequently bought and sold. Because a party seeking to enforce a note through foreclosure or otherwise, must also actually hold or own it, there is a significant possibility that the alleged beneficiary of the deed of trust may not have any rights thereunder." (Pl.'s Resp. [Doc. 10] p. 3, § III).[3]

Using the *Iqbal* approach to analyze Plaintiff's factual allegations, it becomes clear that Plaintiff has asserted no facts evidencing a plausible entitlement to relief. Plaintiff's allegation that the "lien created by the Deed of Trust in favor of MERS remains of record and creates a cloud upon the title to the Property now owned by the Plaintiff" is not enough to survive a motion to dismiss. Whether an interest clouds title to real property is a legal conclusion, which cannot survive in the absence of averments of fact. *See Collins v. Citizens' State Bank of Houston*, 241 S.W. 633, 635 (Tex. Civ. App.—Galveston 1922). Similarly, an allegation that a lien is invalid is a legal conclusion. *See Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 213, 321-22 (Tex. App.—Houston [14th Dist.] 1994, reh'g overruled); *Howard v. Preston State Bank*, 402 S.W.2d 250, 252 (Tex. Civ. App. 1966, writ ref'd n.r.e.)(defendant's contention that the lien to plaintiff was invalid is a mere legal conclusion). Such conclusory allegations are insufficient to survive a motion to dismiss because they are not considered well plead, and thus cannot be accepted as true. *ABC Arbitrage*, 291 F.3d at 348.

After the removal of Plaintiff's conclusory and unsupported claims, only three allegations remain. Defendant agrees with the first two, which are that (1) MERS claims a superior right in the Property and (2) Plaintiff has an obligation to service the lien held thereon. Plaintiff's third allegation that a deed of trust beneficiary may not have any rights thereunder because mortgage

---

[3]   Noticeably absent is any evidence supporting Plaintiff's theory — such as MERS is not a beneficiary of the Deed of Trust, the Note and Deed of Trust have been sold or transferred, or the loan has been paid.

notes are frequently sold is irrelevant and must be ignored for purposes of a Rule 12(b)(6) motion because Plaintiff speaks only in hypotheticals and states no facts pertaining to Defendant. As a result, Plaintiff's remaining allegations do not show Plaintiff is entitled to the relief he seeks, which is to have MERS' lien on the Property extinguished and judicially released. Accordingly, under the *Iqbal* and *Twombly* standards, there are no facts supporting Plaintiff's request to have MERS' lien discharged or extinguished (or enforcement of the same enjoined) and Defendant's motion to dismiss should be granted.

### III.
### CONCLUSION

As set forth above, Plaintiff failed to plead any (1) legally cognizable action to warrant the discharge or extinguishment of MERS' lien, or (2) statements alleging why MERS is not entitled to enforce its interest under the Deed of Trust or that MERS' lien should be discharged or released. What Plaintiff has done is file a vague and ambiguous complaint with no factual support for his conclusory and legally unfounded claim that MERS' Deed of Trust somehow clouds the title to the Property. For these reasons, Plaintiff's claim for declaratory judgment and injunctive relief should be dismissed.

Respectfully submitted,

By: *[signature]*
Cole B. Ramey
State Bar No. 16494980
**Kirk T. Florence**
State Bar No. 07160900
**Karly Stoehr Rodine**
State Bar No. 24046920

**CROUCH & RAMEY, L.L.P.**
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 922-7100
Telecopier: (214) 922-7101

**COUNSEL FOR DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record via facsimile and regular mail on this 15th day of June, 2010.

Mr. Kenneth S. Harter
Law Offices of Kenneth S. Harter
1620 E. Beltline Road
Carrollton, TX 75006

M. Drew Siegel
1620 East Belt Line Road
Suite 201-202
Carrollton, Texas 75006

*[signature]*
Karly Stoehr Rodine