IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MARK DISANTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-287-A |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER

The court has concluded that there should be a hearing on the motion of defendant, Mortgage Electronic Registration Systems, Inc., to dismiss and that, at the same time, there should be a hearing as authorized by Rule 11 of the Federal Rules of Civil Procedure at which plaintiff and the attorneys for plaintiff are to show cause why the conduct described in this order did not violate Rule 11(b).

The appearance to the court is that the request by plaintiff for a declaratory judgment is being presented for an improper purpose, i.e., to obtain a declaratory judgment even though there is no showing of any justiciable controversy. The court is inclined to think that plaintiff's claim for a declaratory judgment is not warranted by existing law or by any non-frivolous

argument for extending, modifying, or reversing existing law or for establishing new law. The conduct of plaintiff and his counsel in opposing defendant's motion to dismiss advocates the claim made by plaintiff in his state court petition and perpetuates any improprieties in the pleading by which plaintiff initiated this action in state court. If the allegations of defendant's motion to dismiss that plaintiff has filed over forty cases like this one against various lenders are correct, the court would be inclined to think that plaintiff and his counsel are engaged in an improper scheme to take advantage of holders of superior liens on property plaintiff has acquired for a very small amount in order to try to gain a windfall from a slipup by a defendant or defendants holding superior liens in responding to plaintiff's lawsuits, such as inadvertently allowing a default judgment to be taken.

To assist the court in evaluating whether Rule 11 sanctions should be imposed, the court is requiring plaintiff and his counsel to produce certain items for the court's inspection in advance of the hearing.

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, set for hearing at 10:00 a.m. on July 8, 2010, in the Fourth Floor Courtroom of the United States Courthouse, Fort Worth, Texas, at which time, date, and place plaintiff, Mark DiSanti, shall appear in person, counsel for plaintiff, Kenneth S. Harter, shall appear, and counsel for defendant shall appear.

The court further ORDERS that:  By 2:00 p.m. on July 2, 2010, plaintiff and his counsel shall cause to be filed with the papers in this action a copy of (1) each pleading filed by plaintiff in any legal action initiated by or for plaintiff since January 1, 2006, in which declaratory judgment relief has been sought relative to a lien or mortgage on real estate, (2) each responsive pleading filed by the defendant in each such action, and (3) each judgment or other document that caused the action to be concluded, if it has been concluded.  All such documents shall be contained in a spiral-bound volume, paginated with consecutive Bates-like numbers in the lower right-hand corner of each page, with a contents page in front of the volume identifying each document contained in the volume and giving the page number where

the first page of each such document can be located within the volume. The cover page of the volume shall bear the caption of the instant action and show the title of the volume to be "Items Furnished Pursuant to Directive of Order Signed in the Above-Captioned Action on June 24, 2010."

The court further ORDERS that plaintiff and his counsel be prepared to show cause at the time, date, and place mentioned above why the conduct described above did not violate Rule 11(b).

SIGNED June 24, 2010.

JOHN McBRYDE
United States District Judge