ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2010 JUL -2 PM 1: 03

CLERK OF COURT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARK DISANTI,** | § | |
| **Plaintiff** | § | |
| | § | |
| **Vs.** | § | **Case No. 4:10-CV-287-A** |
| | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.** | § | |
| **Defendant** | § | |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DOCUMENTS TO BE PRODUCED UNDER ORDER SIGNED JUNE 24, 2010 AND MOTION TO RECONSIDER, OR ALTERNATIVELY, FOR LEAVE TO SUPPLEMENT, SUBJECT THERETO

TO THE HONORABLE JOHN McBRYDE, DISTRICT JUDGE

COMES NOW Plaintiff, Mark Disanti, and files this, his Response and Objection to Documents to Be Produced Under Order Signed June 24, 2010 and Motion to Reconsider, and in support thereof, would respectfully show the Court as follows:

### I.

### CHRONOLOGY OF EVENTS

1.     On June 24, 2010, this Court signed and issued an Order ordering Plaintiff and his counsel to file with the papers in this action a copy of: "(1) each pleading filed by plaintiff in any legal action initiated by or for plaintiff since January 1, 2006, in which declaratory judgment relief has been sought relative to a lien or mortgage on real estate, (2) each responsive pleading filed by the defendant in each such action, and (3) each judgment or other document that caused the action to be concluded, if it has been concluded."

2.     According to online notifications regarding the electronic filing system, the Court's ECF system was not functioning on June 24, 2010.  As a result, the Order was not received by the undersigned until approximately 12:00 p.m. on Friday, June 25, 2010. Upon receipt of the Order, Plaintiff and counsel immediately and rapidly began compiling and organizing all documents within Plaintiff's possession, custody or control that were potentially responsive to the Order.  However, as a result of the unavoidable delay in receiving the Order, Plaintiff has had only a few days to compile the documentation required by the Court.

3.     Plaintiff advises the Court that documents within the Plaintiff's possession, custody or control – including those maintained by other attorneys were begun to be compiled immediately.  Furthermore, on June 25, 2010, the undersigned engaged a contract paralegal specifically for the purpose of assisting in organization and compilation of these documents.  The undersigned is counsel of record for plaintiff in only a few of the case ordered to be produced. Several other attorneys have also represented Plaintiff, and exhaustive efforts were made to coordinate with those attorneys in order to obtain their file materials.  However, the time constraints involved has made the task at hand more difficult.

4.     The last of the documents were gathered on Wednesday, June 30, 2010 and following their preparation all potentially responsive documents were delivered to a Dallas copying service at 8:00 a.m. on the morning of July 1, 2010 to begin the process of having them bates-stamped and scanned.  Only after the copy service returned the numbered documents could the job of indexing begin.  Based upon the scope of the Order, the job of indexing was substantial, and multiple personnel were assigned to complete the task in the time frame set forth in the Order.

5.     Plaintiff has made every effort, and does in fact, believe that he has gathered all documents within his possession, custody or control that were potentially responsive to the Order of this Court.   However, based upon very tight time constraints imposed, Plaintiff cannot represent to the court that no documents have been missed; and therefore, subject to the Objection and Motion to Reconsider set forth below, Plaintiff respectfully moves this Court for leave to supplement this response in the event that further documents are located that have not been included in these volumes.

6.     Subject to and without waiving or prejudice to Plaintiff's Objections or Motion to Reconsider, Plaintiff has, in conjunction with filing this Response, respectfully submitted the documents ordered by this Court for Plaintiff to produce, in the form as ordered by this Court.

## II.

## RESPONSE AND OBJECTIONS

7.     Plaintiff comes before this Court and respectfully objects to the above cited portion of the Order.   For the reasons forth more fully below (and evidenced within the documents themselves), Plaintiff respectfully submits that the documents he has been ordered to file with the Court are irrelevant to any issue in this diversity jurisdiction case regarding an equitable suit to quiet title and as such, those documents should not be considered in support of Defendant's Motion to Dismiss.

8.     Plaintiff respectfully submits that the required information is irrelevant to the case before the Court, and to this Court's inquiry into Defendant's Motion and Plaintiff's Response thereto.   As set forth in the respective pleadings and orders produced in accordance with the Order, these state district court cases present a myriad of unique set of facts and issues.

Although certain common questions of law may be found, Plaintiff's cause of action in the instant matter should not be characterized as one "of forty".

9.      Plaintiff respectfully suggests that the only way this Court could properly determine if the pleadings filed in the various state district courts bears relevance to the question of the propriety of his opposition to Defendant's Rule 12(b)(6) motion would be to try each of those cases. A fact-specific inquiry into each such case would be needed to determine if those matters shed light on the question posed by the Court in its June 24 Order. Moreover, Plaintiff urges that under F.R.E. Rule 402 these documents are inadmissible for consideration in support of Defendant's Motion.

10.     The case at bar asks for a very basic relief from the Court. Each of the state district court cases identified and produced to the Court under Order involves a different tract of real estate in multiple Texas counties, a different borrower, multiple lenders, and differing variations of promissory notes, deeds of trust and purported assignments.

11.     Plaintiff respectfully submits that, although the cases generally bear a common theme and have the same Plaintiff, these cases are not "cookie-cutter" cases, where each case presents a unique set of facts, circumstances and application of law to determine the validity of a lender or its assignee's deed of trust, or superiority of such lien over Plaintiff's ownership position.

12.     By way of examples to illustrate this point, at least one case produced under Order turns on the applicability of certain sections of the <u>Texas Uniform Condominium Act</u> (as those sections have recently been clarified by an opinion issued by the Dallas Court of Appeals) to that Defendant's lien position. Conversely, this case does not involve a condominium association  Other cases produced under the Order have allegations that present one (or more)

breaks in the chain of title and ownership of the promissory note or deed of trust encumbering the property. In such cases it is clear who is *not* the owner of the note securing a deed of trust, but it remains unknown who actually *is* the owner.

13.     Some cases produced under the Order are dependent upon questions of fact regarding whether or not the assignor in an assignment of a note and/or deed of trust had the authority to enter into such assignment. Several other cases turn on whether or not the entity attempting to foreclose has the lawful right to do so.  However, Plaintiff's live pleading in this matter focuses a subordinate lien holder's right service a superior lien holder's loan.

14     As evidenced by the documents produced under the Order, Defendant's reference to "at least 40 lawsuits" in its Motion to Dismiss has misconstrued the actual diversity of the lawsuits that have been filed in these the state district courts.  Furthermore, the veracity of the legal issues raised in those State Court lawsuits is supported – if only - by the fact that those cases have generated many pleadings, have been the subject of dozens filings, have been the subject of numerous hearings before many well known and respected state court judges presiding over the Texas Counties in and around the Dallas/Fort Worth area, and, in some instances, those cases have been appealed to the Texas Court of Appeals (by both sides).

15.     In sum, Plaintiff respectfully submits that this Court's review of the case at bar for determination of the merits of Defendant's Motion to Dismiss should only rely upon the pleadings and facts in this case, not other cases currently pending or previously disposed of in State Court.

## V.

## CONCLUSION

Plaintiff respectfully requests that the Court reconsider and rescind that portion of its Order requiring Plaintiff to put on file information on other state district court cases brought by Plaintiff wherein declaratory relief has been sought, and to declare such documents irrelevant and inadmissible for the purposes of determining Defendant's Motion to Dismiss or the 11(b) Motion referenced in the June 24 Order.

Alternatively, Plaintiff respectfully moves this Court for leave to supplement such production in the event some pleadings have been inadvertently omitted based on the limited time Plaintiff has been afforded to locate, gather, copy and compile the documents.

## PRAYER:

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of the Matter, that Plaintiff's Objections be sustained, that Defendant's Motion to Dismiss and for 11(b) Sanctions be denied, and for all other relief to which he might be entitled.

Respectfully Submitted,

_____

Kenneth S. Harter
State Bar ID 09155300
1620 E. Beltline Rd.
Carrollton, TX 75006
(972) 242-8887
Fax (972) 446-7976
kenharter@tx.rr.com

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 2nd day of July, 2010.

_____
Kenneth S. Harter